United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **United States,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Action No. |
| **Igor Moiseev and Alexander Grinis,** | ) | 18-10206-NMG |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

In 2018, the government filed a sealed indictment against Igor Moiseev ("Moiseev") and Alexander Grinis ("Grinis"). The government alleges that Moiseev committed bank fraud in violation of 18 U.S.C. § 1344 and identity theft in violation of 18 U.S.C. § 1028A. It further alleges that Grinis made false statements on a loan application in violation of 18 U.S.C. § 1014. Both defendants are subject to forfeiture allegations pursuant to 18 U.S.C. § 982(a)(2).

## I. Defendants' Motions to Sever and Suppress

In anticipation of trial, the defendants, who are represented by separate counsel, submitted two pretrial motions that the Court now considers.

**A. Grinis's Motion to Sever**

In November, 2018, Grinis filed a motion to sever (Docket No. 33), arguing that 1) he and Moiseev have been charged with different crimes, 2) the government has not alleged conspiracy and 3) there is no allegation that Grinis had knowledge of Moiseev's intent to defraud. Because the two defendants are not accused of engaging in the same act or transaction, Grinis avers that severance is required under Fed. R. Crim. P. 8(b). Grinis further claims that a joint trial would be prejudicial pursuant to Fed. R. Crim. P. 14(a) because the evidence with respect to Moiseev's alleged embezzlement has no bearing on whether Grinis falsely certified loan documents and would create a negative inference of guilt by association.

The government opposed this motion, contending that the defendants were properly joined, pursuant to Fed. R. Crim. P. 8(b), because each count in the indictment arises from the same set of facts or same series of acts or transactions. The government further responds that Grinis has failed to demonstrate a strong showing of prejudice and that proper jury instructions will ensure a fair trial for Grinis. Finally, the government submits that a joint trial, in which the same evidence would be introduced against both defendants, promotes judicial efficiency and serves the interest of justice.

Fed. R. Crim. P. 8(b) provides that

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.

Because the allegations against the two defendants arise from the same set of facts and defendant has the burden of demonstrating improper joinder, the motion to sever will be denied. United States v. Natanel, 938 F.2d 302, 306 (1st Cir. 1991) (holding that defendant has the burden of demonstrating that misjoinder has taken place).

Moreover, Fed. R. Crim. P. 14(a) provides that

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

In applying Fed. R. Crim. P. 14(a), courts have demonstrated a preference for joinder absent a strong showing of prejudice. United States v. Silvestri, 790 F.2d 186, 188 (1st Cir. 1986) (holding that to prevail on a motion to sever, a defendant must make a strong showing of prejudice).  Grinis has not demonstrated that substantial prejudice is imminent.  Nor has he rebutted the claim that a limiting instruction can cure any alleged prejudice.  Thus, because Grinis has not met his burden with respect to prejudice, his motion to sever will be denied.

**B. Moiseev's Motion to Suppress**

On January 22, 2019, Moiseev filed a motion to suppress financial records that were seized without a warrant (Docket No. 51).  He alleges that the extensive seizure of his financial records is akin to more recent cases (namely Carpenter v. United States, 138 S. Ct. 2206 (2018)), where the Supreme Court refused to extend the third-party doctrine to novel circumstances.  The government responds that it is not required to obtain a search warrant for financial records pursuant to the third-party doctrine and that Moiseev misstates the holding in Carpenter.

In Carpenter v. United States, the Supreme Court recognized that individuals have a reasonable expectation of privacy with respect to their individual movements captured by cell phone records. Carpenter, 138 S. Ct. at 2217.  Carpenter is easily distinguished as a "novel circumstance" because in that case, the government obtained location data from a cell phone without a warrant. Id.  Here, the government obtained Moiseev's financial records pursuant to grand jury subpoenas, and thus, United States v. Miller, 425 U.S. 435 (1975), in which the Supreme Court found no expectation of privacy in records held by a bank, controls.

-5-

Accordingly, defendant Moiseev's motion to suppress will be denied.

**ORDER**

Defendant Grinis's motion to sever (Docket No. 33) and Defendant Moiseev's motion to suppress (Docket No. 51) are both **DENIED**.

**So ordered.**

    _/s/ Nathaniel M. Gorton\_\_\_\_
Nathaniel M. Gorton
United States District Judge

Dated March 5, 2019